UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WESNER DEVELOPMENT LLC,

        Plaintiff,

v.                                              Case No. 24-cv-0947-bhl

CLASS ONE PROFESSIONALS LLC,

        Defendant.

## ORDER GRANTING MOTION TO DISMISS COUNT III OF THE COMPLAINT

        This is a breach of contract case involving a subcontract for snow removal at a Union Pacific Railroad rail yard in Butler, Wisconsin. Beginning in 2018 or 2019, Defendant Class One Professionals, LLC began subcontracting its plowing and salting responsibilities at the rail yard to Plaintiff Wesner Development LLC. In 2024, the parties had a falling out, leading Class One to terminate its relationship with Wesner and, in turn, Wesner to file this lawsuit against Class One to recover for work done across the 2020–24 winter seasons. Wesner originally filed the lawsuit in Milwaukee County Circuit Court, but Class One removed the case to this Court. On November 8, 2024, the Court denied Class One's motion for transfer to Illinois. Class One has now moved to dismiss Count III of the complaint. (ECF No. 16.) For the reasons discussed below, Class One's motion will be granted.

## FACTUAL BACKGROUND

        Wesner is a Wisconsin limited liability company that provides winter maintenance services, such as snow plowing and salting. (ECF No. 1-1 at 5.) Class One is an Illinois limited liability company. (ECF No. 1 at 2; ECF No. 1-1 at 6.) At the times relevant to this lawsuit, Class One had a contract with the Union Pacific Railroad to perform winter maintenance services at the Butler Rail Yard in Wisconsin. (ECF No. 1-1 at 6–7.) Beginning in either 2018 or 2019, Class One subcontracted with Wesner to perform snow removal and salting services at the Butler Rail Yard. (*Id.* at 7; ECF No. 10 at 2.) The parties' relationship lasted several years, with Wesner

providing services for Class One each winter from at least late 2019 until early 2024. (ECF No. 1-1 at 7–8.)

The parties' relationship came to an end in March 2024 due to a disagreement over salting. (*Id.* at 9.) In the early days of their relationship, Wesner acquired its own salt for use at the Butler Rail Yard. (*Id.* at 7.) After buying and using the salt, Wesner would invoice Class One for its services and materials, including the cost of the salt. (*Id.* at 7–8.) Class One would then pay Wesner for its services and reimburse it for the salt and other materials it provided. (*Id.*) This practice continued for several years. (*Id.* at 8.) Beginning with the 2020–21 winter season, however, Class One stopped paying Wesner for any salt that it supplied. (*Id.* at 9.) In this lawsuit, Wesner alleges claims for breach of contract, quantum merit, and theft by contractor. (ECF No. 1-1 at 10–12.) It seeks to recover $188,000 for the salt it supplied across four different winter seasons (2020–21, 2021–22, 2022–23, and 2023–24), along with the costs of trucking of the salt. (*Id.* at 9, 12.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiffs are] entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must do more, however, than "recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Class One seeks the dismissal of Count III of the complaint, a claim for theft by contractor under Wis. Stat. § 779.02(5). Section 779.02(5) provides that any funds paid to a subcontractor by a property owner for "improvements" are held in trust by the subcontractor. In the relevant subchapter of the Wisconsin Statutes, "improvement" is defined as including "any building, structure, erection, fixture, demolition, alteration, excavation, filling, grading, tiling, planting, clearing, landscaping, repairing, or remodeling which is built, erected, made or done on or to land for its benefit." § 779.01(2)(a). The statute further explains that this list is "intended as an extension" of the normal meaning of the word "improvement." *Id.* Under Section 779.02(5), a subcontractor that uses trust funds for purposes other than paying claims that are not in dispute commits theft by subcontractor.

Based on the statutory language, Class One argues that Count III should be dismissed because the parties' snow removal subcontract does not fall within the scope of Section 779.02(5). (ECF No. 17 at 12–13.) Class One notes that this statute is found in the subchapter of Wisconsin law dealing with construction liens. (*Id.* at 7.) It insists that Section 779.02(5) applies only to work performed in relation to an improvement to real property and has no application to the parties' snow removal contract. (*Id.* at 6–7); *see also Tri-Tech Corp. of Am. v. Americomp Servs., Inc.*, 646 N.W.2d 822, 828 (Wis. 2002). Wesner disagrees that the statute is limited to construction improvements. It notes that the word construction is used only in the statutory title, which is not part of the statute. (ECF No. 19 at 1, 12–14 (citing Wis. Stat. § 990.001(6)).) Wesner further contends that snow removal and salting can be considered "improvements" within the meaning of Section 779.02(5). (*Id.* at 2–12.)

When interpreting a statute, the Court must begin with the language of the statute itself. *In re Commitment of Franklin*, 677 N.W.2d 276, 280 (Wis. 2004). If the meaning of the statute is plain, the inquiry ordinarily ends. *Teschendorf v. State Farm Ins. Cos.*, 717 N.W.2d 258, 263 (Wis. 2006). A dictionary may be used to determine the common, ordinary meaning of words. *Noffke ex rel. Swenson v. Bakke*, 760 N.W.2d 156, 161 (Wis. 2009). When considering the plain meaning, the Court must look at the entire statute, the context in which the words appear, the structure of the statute, and the purpose of the statute where it is evident from statutory text. *Teschendorf*, 717 N.W.2d at 263. Interpretation of the statute must avoid absurd or unreasonable results. *Noffke*, 760 N.W.2d at 161.

Based on both the statutory text and context, the Court agrees with Class One that Section 779.02(5) applies to funds relating to construction improvements and that the parties' snow removal and salting contract does not implicate this provision. Section 779.02(5) is part of the subchapter of Wisconsin statutes addressing construction liens. While Wesner is correct that, generally, titles are not part of a statute, the statutory framework makes clear that Section 779.02(5) applies only to construction contracts. Indeed, this provision falls within the subchapter of Wisconsin statutes called the Wisconsin construction lien law. *See* Wis. Stat. § 779.01(1) (stating that the entire subchapter "may be referred to as the construction lien law."). Other parts of the statutory scheme confirm this fact, referring to the applicable contracts as ones "for the *construction* of the improvement." *See* §§ 779.035(1)–(2), 779.036(1) (emphasis added). Moreover, a *construction* lien necessarily applies to construction contracts, and a construction contract is "[a] contract setting forth the specifications for a building project's construction." Black's Law Dictionary (12th ed. 2024). The statutory context thus confirms that Section 779.02(5) applies to funds due under contracts for construction improvements. Wesner's proposed construction would require the Court to read the statute out of context.

The Court also concludes the parties' subcontract does not fall within Section 779.02(5) because an agreement for snow removal and salting is not a construction contract and does not relate to an improvement to real property under Wisconsin law. The parties' agreement covers services relating to the regular maintenance of the rail yard. It does not relate to an improvement of that property within the meaning of Section 779.02(5).

Wesner argues that certain named activities within the definition "improvement" bring the snow removal subcontract within Section 779.02(5). It points to the statute's use of the words planting, landscaping, filling, grading, fixtures, and repairs. (ECF No. 19 at 13.) From the inclusion of these terms in the statute, Wesner argues that snow removal and salting can similarly be improvements even if they do not relate to construction. (*Id*.) Wesner again ignores the statutory context. While the activities it identifies can take place outside of the context of construction, they can also be part of a building construction project, and that is the context in which they are used in the statute. The Court is thus unpersuaded by the argument that the enumerated list includes non-construction work.

Finally, Wesner argues that even if the statute is limited to construction, its contract meets that requirement. It points out that the contract refers to Class One as the construction manager to

support the position that this is a contract for construction. (ECF No. 19 at 14 (citing ECF No. 1-1 at 14).) Class One replies that the language of the contract does not determine the nature of the services provided. (ECF No. 25 at 14.) The Court agrees with Class One. The services provided in the contract are not for construction, regardless of any label attached to the written document. Because the parties' contract and the services provided under it do not implicate the Wisconsin theft by contractor statute, Class One's motion to dismiss Count III will be granted.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count III of the Complaint, ECF No. 16, is **GRANTED.**

Dated at Milwaukee, Wisconsin on April 28, 2025.

                                                  s/ *Brett H. Ludwig*
                                                  BRETT H. LUDWIG
                                                  United States District Judge